Henderson, Chief-Justice.
 

 The law which gives to the bail the right to surre ir? to cip.ti v.\ , fa-sal judgment, giv.es necessarily tuerewila, tuo means of
 
 *432
 
 making that right effectual, if the surrender be after verdict, and before judgment. Although we know of no such plea, as one between the verdict and judgment, yet one must necessarily be allowed, for the verdict concludes all facts up to it, and if the surrender be at the same term in which judgment was rendered, a plea since the last continuance, will not do. In this case, the surrender was after verdict and before judgment, the court having set aside the judgment previously entered during the same term, as it rightfully could do, having power over the records during the whole term. The bail had tiie right to plead it, and properly speaking, should have pleaded it,
 
 to
 
 give
 
 the
 
 plaintiff an
 
 opportunity of controverting
 
 both the surrender in that cause, and the identity of the principal, which might possibly be denied upon the plea of a surrender. But in this case, there was no need of a plea, as the plaintiff moved to commit the principal, which admitted all that he could deny by a replication. It appearing therefore, upon the record, that
 
 the
 
 principal has been surrendered before final judgment in the cause, the judgment must be affirmed, but I repeat, it would be more regular to plead the surrender.
 

 Per Curiam. — Judgment aeeirmeb.